OPINION
{¶ 1} Appellant William Skinner, Jr. timely appeals his convictions for assault and for failure to stop after an accident in the Youngstown Municipal Court. The charges arose from a traffic accident in Youngstown, Ohio, during which Appellant backed his car into another vehicle, then slapped and spit on the driver of the other car. Appellant argues that there was insufficient evidence to support his convictions and that they were against the manifest weight of the evidence. For the following reasons, however, Appellant's arguments lack merit, and his convictions are affirmed.
 {¶ 2} Appellant raises one assignment of error on appeal:
 {¶ 3} "THE COURT ABUSED ITS DISCRETION BY FINDING THE DEFENDANT GUILTY WHEN THERE WAS INSUFFICIENT EVIDENCE ON WHICH TO BASE A CONVICTION AND A CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."
 {¶ 4} Appellant was convicted of assault and failure to stop after an accident, following a bench trial.
 {¶ 5} He now argues that the State of Ohio failed to meet its burden of proof. He claims the state did not prove the charges beyond a reasonable doubt in violation of his right to due process. Appellant makes both an insufficient evidence and a manifest weight argument in this assignment of error.
 {¶ 6} A challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence. Statev. Scott, 101 Ohio St.3d 31, 2004-Ohio-10, 800 N.E.2d 1133, ¶ 30. To determine whether sufficient evidence exists to support a conviction, the reviewing court must determine, "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 7} A claim that a verdict is against the manifest weight of the evidence, however, requires a reviewing court to review the entire record and weigh the evidence, including witness credibility, and determine whether, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
 {¶ 8} Appellant was convicted of assault in violation of R.C. § 2903.13(A), which provides, "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *."
 {¶ 9} Appellant's conviction on the failure to stop after an accident charge was pursuant to R.C. § 4549.02(A), which provides in part,
 {¶ 10} "(A) In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision."
 {¶ 11} Contrary to Appellant's arguments, a review of the trial transcript fully supports Appellant's convictions. The record reflects that Krystal McCauley testified Appellant backed his car into her vehicle on July 26, 2004, in Youngstown, Ohio. She was following Appellant's vehicle off of an exit ramp on Interstate 680. According to McCauley, Appellant entered the intersection in an attempt to turn left under a red light. However, a car was evidently traveling toward him on the crossroad, so Appellant put his car in reverse. Appellant's rear end struck the front driver's side of McCauley's vehicle. McCauley sounded her car's horn to warn Appellant, and she continued sounding her horn after the collision. She described the impact as "minimal." (Tr., pp. 7-9.)
 {¶ 12} After the collision, Appellant got out of his car and started yelling. He walked toward McCauley's vehicle and called her a "fat whore." She did not get out of her car, but she had her window rolled down. McCauley responded to the effect of: "You just hit me," and "You idiot[.]" Appellant slapped McCauley in the face and spit on her face. Then he got back into his car and drove away. (Tr., pp. 10-12.) McCauley drove to her friend's house, wrote down Appellant's license plate number, and called 911. McCauley subsequently described the incident to the police and showed Officer Brien Flynn the damage to her vehicle. (Tr., p. 19-20.)
 {¶ 13} Several days later, McCauley was able to identify Appellant in a photo line up. She even explained to the police that Appellant was wearing eye glasses on the day of the incident, but he was not wearing glasses in his photograph. (Tr., pp. 22-23, 76.)
 {¶ 14} Appellant argues that McCauley's testimony was incredible. Essentially, he claims that the victim should be presumed incredible since there is no evidence in the record that she was credible. There is absolutely no such presumption in Ohio. It is up to the trier of fact to determine any witness' credibility. In addition, there is nothing in the record to impeach McCauley's credibility and there is no evidence contradicting her testimony. Appellant did not testify at trial and there were no witnesses to the offenses. If the standard is as Appellant suggests and the courts were to begin with a premise that a victim lacks credibility, then there would rarely be any convictions in a crime which lacks a third party witness, such as rape.
 {¶ 15} In addition, McCauley's testimony was in fact corroborated by two City of Youngstown police officers. Officer Brian Flynn testified at trial. He described responding to McCauley's call on the day of the incident. Flynn found the victim upset and crying, and he recounted the details of the incident as McCauley described it to him. Officer Flynn also described the minimal damage to her car, and he explained that the license number that McCauley provided had two numbers transposed, but that Appellant was nonetheless identified as the driver involved in the accident. (Tr., pp. 53-54.)
 {¶ 16} Youngstown Police Lieutenant Mark Milstead testified that he interviewed Appellant after the accident. Milstead explained that Appellant claimed he did not know why he was in custody, and he denied that he had been in a collision with McCauley. Appellant denied being at the scene on the day in question. Thereafter, however, Appellant admitted that he was there, but he claimed that he had merely been in a verbal confrontation with the victim. Milstead described Appellant as evasive and untruthful based on his body and eye movements. (Tr., pp. 90, 92-93.)
 {¶ 17} Accordingly, Appellant's argument that McCauley's testimony lacked credibility fails. McCauley's description of the incident was uncontroverted and was supported by Flynn's and Milstead's testimony.
 {¶ 18} Appellant next argues that there was no physical evidence that an accident even occurred. He bases this claim on the fact that his vehicle did not sustain any damage and that the state did not present any photographs or estimates concerning the damage to McCauley's car.
 {¶ 19} Appellant's sole witness at trial was his auto body mechanic, Thomas Hurt. Hurt testified that he examined Appellant's car the day before trial, and he could not find any damage to the rear of the vehicle. Hurt likewise testified that the rear of Appellant's vehicle had not been repaired. Appellant claims that Hurt's testimony establishes that there was no collision. However, Appellant fails to recognize that Hurt conceded a car may not sustain any damage in a minimum impact collision. Hurt also admitted that he could have investigated Appellant's car further and removed the panels. Finally, Hurt never examined McCauley's car. (Tr., pp. 127, 133, 136, 141.)
 {¶ 20} To the contrary, McCauley clearly described that an accident occurred, and she and Officer Flynn described the damage to her vehicle. Thus, whether or not Appellant's vehicle was damaged in this minimal impact collision is not outcome determinative.
 {¶ 21} Based on the foregoing, Appellant's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. Appellant's assault conviction was established by McCauley's direct testimony that Appellant slapped her in the face. Thus, it was established that Appellant caused or tried to cause her physical harm. R.C. § 2903.13(A).
 {¶ 22} As for Appellant's conviction for failure to stop after an accident, it was supported by the record. McCauley testified that Appellant backed his car into her vehicle, and he subsequently left the scene of the accident after assaulting her. The Youngstown Police Department had to track Appellant down based on his license plate number. This evidence was more than sufficient to establish a violation of R.C. § 4549.02(A) since there was no evidence to the contrary. Accordingly, Appellant's conviction for failure to stop after an accident does not constitute a manifest miscarriage of justice and is affirmed.
 {¶ 23} Appellant's sole assignment of error lacks merit and is overruled, and his convictions are affirmed in full.
Donofrio, P.J., concurs.
Vukovich, J., concurs.